IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

PAMELA DOLEN

           Plaintiff,

v.                                                     CIVIL ACTION NO.  2:09-cv-00905

AMERICAN ELECTRIC POWER
SYSTEM LONG-TERM DISABILITY PLAN,  et al.,

           Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the parties' Joint Motion to Stay First Cause of Action [Docket 35] and Stipulation of Dismissal of Second Cause of Action [Docket 36].  Pursuant to the stipulation, the court **DISMISSES** with prejudice the Second Cause of Action set forth in the Complaint.

As to the First Cause of Action, a claim for benefits under Section 502(a)(1)(B) of ERISA, the parties seek a stay while the plaintiff exhausts her administrative remedies under the benefit plan's provisions.  The Fourth Circuit has ruled that "an ERISA claimant generally is required to exhaust the remedies provided by the employee benefit plan in which he participates as a prerequisite to an ERISA action for denial of benefits."  *Makar v. Health Care Corp. of Mid-Atl.*, 872 F.2d 80, 82 (4th Cir. 1989).  That is because ERISA and the regulations promulgated thereunder impose on plan administrators a highly reticulated set of procedures and duties with respect to participants' claims for benefits.  *See Berry v. Ciba-Geigy Corp.*, 761 F.2d 1003, 1007 n.4 (4th Cir. 1985).  Thus, among other benefits, ERISA's exhaustion requirement allows plan fiduciaries to

"assemble a factual record which will assist a court in reviewing the fiduciaries' actions." *Makar*, 872 F.2d at 83.

The plaintiff has apparently never submitted her claim for benefits to the plan's administrator. Accordingly, the administrator was not able to review and potentially resolve the plaintiff's claim, nor was the plaintiff provided a statement of reasons for any denial of benefits or given the opportunity to seek internal review of any such denial from the plan. Thus, there is no factual record for the court to review in assessing the plaintiff's claim. Given that context, the court **DISMISSES** the First Cause of Action without prejudice so that the plaintiff can first submit her claim to the plan.[*]

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

                                ENTER:       October 21, 2010

                                Joseph R. Goodwin, Chief Judge

---

[*] For purposes of the statute of limitations, an ERISA action does not accrue until a participant's claim for benefits has been made and formally denied by a plan. *See White v. Sun Life Assurance Co. of Canada*, 488 F.3d 240, 246 (4th Cir. 2007).